UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES RANDALL | : | |
| | : | |
| v. | : | C.A. No. 15-442M |
| | : | |
| ASHBEL T. WALL, et. al. | : | |

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2-2) pursuant to 28 U.S.C. § 1915.  On October 23, 2015, Plaintiff Charles Randall, a current inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a pro se Complaint in this Court against several prison officials.  Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee.  After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2-2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Discussion**

Plaintiff's Complaint in this case appears to be a photocopy of the Complaint he filed on September 11, 2015 in C.A. No. 15-384M.  The Complaints are both dated May 27, 2015, and include the same Exhibits. Although there are a few minor differences in the filings, none of the differences are material.  I recommended that the Complaint in C.A. No. 15-384M be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  (Document No. 4 in C.A. No. 15-384M).  In that Recommendation, I noted that Plaintiff failed to state a claim on which relief may be granted as to any constitutional claims and recommended that the Complaint be dismissed with prejudice. Because the present Complaint is a photocopy of his previous filing, the same reasoning applies to this case, and I recommend that this Complaint be DISMISSED WITH PREJUDICE for all of the reasons stated in my Report and Recommendation issued in C.A. No. 15-384M.

Additionally, if the District Court adopts my Report and Recommendation in C.A. No. 15-384M, the present Complaint should be dismissed on the additional ground that it is barred by the doctrine of res judicata.  Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.,48 F.3d 576, 583 (1st Cir. 1995).  Res judicata serves important policy purposes and provides a "strong incentive" for parties to "plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Id.  The doctrine serves important policy purposes such as relieving litigants of the "cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Finally, the Court cautions Plaintiff that the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), prohibits IFP status for a prisoner who has brought three or more cases that were dismissed as frivolous or for failure to state a claim. The so called "three-strikes" rule would apply to both C.A. No. 15-384M as well as the present case, and if the District Court adopts the pending Recommendations, the cases will constitute his first and second strike under the PLRA.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 2, 2015